# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1536V

MARTIN PULIDO,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Chief Special Master Corcoran

Filed: June 8, 2026

*Brian Lee Burchett, Burchett Law Firm, San Diego, CA, for Petitioner.*

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 17, 2022, Martin Pulido filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration following an influenza vaccination he received on October 21, 2019. Petition, ECF No. 1. On July 24, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 46.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $52,640.74 (representing $50,886.00 in fees plus $1,754.74 in costs). Petitioner's Amended Attorney Fees and Costs Application ("Motion") filed February 10, 2026, ECF No. 52. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 51.

Respondent reacted to the motion on February 11, 2026, stating that he is satisfied the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent specifically notes, however, that Petitioner initially filed his motion on February 3, 2026, but reduced the amount of costs in the amended motion by $1,200.00. Also, Respondent points out that Petitioner's motion states that the matter was resolved via proffer. However, this case was resolved by stipulation. Respondents' response to Motion at ECF No. 53. On February 12, 2026, Petitioner filed a reply requesting that the amount of fees and costs in his motion be awarded. ECF No. 54.

I have reviewed the billing records submitted with Petitioner's request, and find a reduction in the amount of attorney fees to be awarded appropriate, as explained below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

2

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following rates for attorney Brian Burchett: $475.00 for work performed in 2020; $490.00 for work performed in 2021; $500.00 for work performed in 2022; $525.00 for work performed in 2023; $575.00 for work performed in 2024; $620.00 for work performed in 2025; and $650.00 for work performed in 2026. These rates require further evaluation and adjustment.

Mr. Burchett has been a licensed attorney since 1981 (Motion at 52-1), placing him in the range of attorneys with 31+ years of experience based on the OSM Attorneys' Hourly Rate Fee Schedule.[3] Although the requested rates fall within OSM's relevant range given Mr. Burchett's level of experience, some rates are on the range's high end. Overall experience dictates what tier an attorney falls within, but other factors (including Program experience) still apply in determining the exact rate to be utilized. See *McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Based on my experience applying the factors relevant to determining reasonable hourly rates for Program attorneys, I hereby award attorney Mr. Burchett the following hourly rates: $450.00 for work performed in 2020; $480.00 for work performed in 2021; $500.00 for work performed in 2022; $525.00 for work performed in 2023; $560.00 for work performed in 2024; $605.00 for work performed in 2025; and $650.00 for work

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

3

performed in 2026. **This results in a reduction of the amount of attorney fees to be awarded of $819.75.**[4]

### ATTORNEY COSTS

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests an adjusted total of $1,754.74 in attorneys' costs comprised of acquiring medical records, postage, and the Court's filing fee. Petitioner has provided supporting documentation for all claimed costs. ECF No. 52-3 at 2-16. I find the requested costs reasonable and hereby award them in full.

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $51,820.99 (representing $50,066.25 in fees plus $1,754.74 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] This amount consists of reducing Brian Burchett's rate for 2020 from $475.00 to $450.00, 2021 from $490.00 to $480.00, 2024 from $575.00 to $560.00, and 2025 from $620.00 to $605.00 and is calculated as follows: ($475.00 - $450.00 = $25.00 x 9.9 hrs.) + ($490.00 - $480.00 = $10.00 x 7.5 hrs.) + ($575.00 - $560.00 = $15.00 x 24.2 hrs.) + ($620.00 - $605.00 = $15.00 x 8.95 hrs.) = $819.75.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.